RECEIVED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA 8 ⊃ 4: 01
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Vera W. George, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:11-CV-2000-WKW-SRW |
| | ) | Plaintiff Demands Trial by Jury |
| | ) | |
| Equitable Recovery Solutions, Inc., a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter, "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in

addition, state of Alabama common law claims for negligence, invasion of privacy,

harassment, and negligent hiring (hereinafter "state claims").

## II. STATEMENT OF JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this

District is proper in that Defendant transacts business and the conduct complained of

occurred in Montgomery County, Alabama.

## III. STATEMENT OF THE PARTIES

3.     Plaintiff Vera W. George (hereinafter, "Plaintiff") is a natural person of the age of majority

and residing in Montgomery County, Alabama. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Equitable Recovery Solutions, Inc. (hereinafter, "Defendant") is a foreign corporation engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of Defendant is the collection of such debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Therefore, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, §40-12-80.

## IV. FACTUAL ALLEGATIONS

5. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

6. Apparently, in or around 1987, Plaintiff's identity was utilized by an unidentified person to establish accounts with various lenders including, but not limited to, Marine Midland.

7. In or around 1992, Plaintiff, during the process of applying for a mortgage, learned of such identity theft and retained the services of an attorney to assist with resolving issues related to her credit.

8. Notwithstanding, on or around April 15, 2005, Plaintiff received correspondence from "Mr. Ken Hughes," purportedly employed with Merchants Credit Guide, Company, demanding the sum of $3,675.61 on the Marine Midland account.

9. Plaintiff responded to such correspondence stating that she was a victim of identity theft, did not owe the alleged debt, and, additionally, demanded supporting documentation from "Mr. Ken Hughes." Plaintiff never received the documentation requested.

10. Despite Plaintiff's repeated efforts to stop the collection efforts, on or around January 11,

2007, she received correspondence from "Shaun Childs," purportedly employed as a collection agent with Merchants Credit Guide, Company, again demanding the sum of $3,675.61 on the Marine Midland account.

11. In or around 2007, Plaintiff also received collection notices from Financial Credit Services relating to this same account.

12. In an effort to stop the harassing collection efforts of the aforesaid debt collectors, Plaintiff responded to each and every collection notice she received; however, despite Plaintiff's efforts multiple debt collectors continued to contact Plaintiff in an attempt to collect the alleged Marine Midland account.

13. As stated hereinabove, the alleged debt with Marine Midland was incurred by an unidentified person in or around 1987 or, approximately twenty four (24) years ago.

14. On February 7 and March 10, 2011, respectively, Plaintiff received correspondence from Defendant wherein defendant was attempting to collect upon the alleged Marine Midland account.

15. Within Defendant's February 7 correspondence it attempts to collect the sum of $3,430.49 and, notably, within its March 10 correspondence attempts to collect the sum of $703.84.

16. Defendant claims that it purchased the alleged debt from Ousley Financial Group, LLC.

17. Defendant knows that it does not own this alleged consumer debt.

18. Defendant knows that Plaintiff does not and did not owe any money to Defendant.

19. Defendant knows that Plaintiff does not and did not owe any money to Marine Midland.

20. Defendant knows that Plaintiff does not and did not owe any money to Ousley Financial Group, LLC.

21.   Notwithstanding Defendant's knowledge, it continues to contact Plaintiff in an effort to collect upon this alleged debt.

22.   All of the above-described collection communications made to Plaintiff by Defendant and its agents, employees or representatives were made in violation of the FDCPA.

23.   Defendant's conduct, as described hereinabove, is an invasion of Plaintiff's privacy by an intrusion upon seclusion and damaged Plaintiff.

24.   Defendant's conduct, as described hereinabove, directly and proximately caused Plaintiff stress and anguish.

25.   Plaintiff has suffered actual damages including, but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, credit damage and economic loss, as a result of Defendant's conduct.

26.   Apparently, in light of Plaintiff's repeated efforts to stop Defendant's collection efforts upon this alleged debt, the only way abusive debt collectors, such as Defendant, will stop their abusive practices towards consumers is by a verdict fully compensating Plaintiff for the harm including, but not limited to, a punitive damage award in excess of $100,000.

27.   A punitive damage award in said amount will certainly get the attention of debt collectors, including Defendant, which will realize that it is no longer economically feasible to abuse consumers within the state of Alabama.

28.   Furthermore, these debt collectors, including Defendant, will realize that such abusive practices to gain an unfair advantage over other legitimate debt collectors is no longer economically feasible.

## V.  CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

29.     Plaintiff incorporates herein by reference each of the foregoing paragraphs.

30.     Defendant <u>violated</u> the FDCPA.  Defendant's violations include, but are not limited to, the
following:

      a)     Contacting Plaintiff after receiving oral and written demands that Defendants cease
further communication with Plaintiff, in violation of 1692c(c);

      b)     Attempting to collect a debt not legally owed, using false and/or misleading
representations,  in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10);

      c)     Taking illegal actions against Plaintiff, in violation of 15 U.S.C. §§ 1692f(1); and

      d)     Failing to provide Plaintiff with the dispute notice required by 15 U.S.C. 1692g.

31.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for
declaratory judgment that Defendant's conduct violated the FDCPA, actual damages
pursuant to 15 U.S.C. § 1692k(a)(1), compensatory damages, statutory damages of $1,000
pursuant to 15 U.S.C. § 1692k(a)(2)(A), punitive damages, costs and attorney's fees pursuant
to 15 U.S.C. § 1692k(a)(3).

      **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the
following:

      a.     Declaratory judgment that Defendant's conduct violated the FDCPA;

      b.     Actual, compensatory and punitive damages;

      c.     Statutory damages;

d.     Costs and reasonable attorney's fees; and,

e.     For such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

32.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

33.    Defendant acted with negligence, malice, wantonness, recklessness and/or intent in its dealings with Plaintiff as stated hereinabove.

34.    Defendant had a duty to ensure that Plaintiff was indebted to Defendant prior to commencing and/or causing to be commenced collection activity against Plaintiff.

35.    Defendant had a duty to refrain from engaging in collection activity as to Plaintiff on a debt not owned by Defendant.

36.    Defendant had a duty to ensure that the conduct of its agents, employees or representatives was not abusive, harassing, oppressive or violative of any state or federal law.

37.    Defendant breached said duties of care.

38.    It was foreseeable, and in fact Defendant did foresee, that Defendant's actions would harm and/or injure Plaintiff.

39.    As a proximate consequence of Defendant's conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

a.     actual, compensatory and punitive damages; and

b.      For such other and further relief as the Court may deem just and proper.

## COUNT III
## HARASSMENT

40.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

41.    As stated hereinabove, Defendant repeatedly contacted Plaintiff via telephone and written

correspondence, in an attempt to collect upon the alleged debt.  Such communications

occurred after a) Plaintiff disputed the validity of such alleged indebtedness, and b) Plaintiff

demanded that Defendant cease and desist any and all further communication regarding such

alleged indebtedness.

42.    By virtue of Defendant's knowledge, Defendant's harassing communications to Plaintiff

were willful, intentional and malicious with the intent to injure Plaintiff.

43.    As a direct and proximate consequence of Defendant's conduct, Plaintiff has been

embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the

services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against  Defendant for the

following:

a.      actual, compensatory and punitive damages; and

b.      for such other and further relief as the Court may deem just and proper.

## COUNT IV
## INVASION OF PRIVACY

44.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

45.    As stated hereinabove, Defendant illegally and repeatedly intruded upon the seclusion and

solitude of Plaintiff.

46.  Defendant's invasion of Plaintiff's privacy was willful, intentional and malicious with the intent to injure Plaintiff.

47.  As a direct and proximate consequence of Defendant's conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

    **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

    a.   actual, compensatory and punitive damages; and

    b.   for such other and further relief as the Court may deem just and proper.

## COUNT V
## NEGLIGENT AND WANTON HIRING, SUPERVISION, AND/OR TRAINING

48.  Plaintiff incorporates herein by reference each of the foregoing paragraphs.

49.  Defendant was negligent and/or wanton in the hiring, supervision and/or training of its agents, employees and/or representatives.

50.  The agents, employees and/or representatives of Defendant, while acting in furtherance and in the line and scope of each person's agency or employment, were incompetent to perform the requisite duties and, furthermore, Defendant knew or should have known of such incompetence.

51.  As a result thereof, Defendant has engaged in, or caused others to engage in, conduct that is illegal.

52.  As a direct and proximate consequence of Defendant's conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the

services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against  Defendant for the

following:

a.      actual, compensatory and punitive damages; and

b.      for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the ⁀8th day of April, 2011.

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #:  ASB-7306-A54B

## DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:

Equitable Recovery Solutions, Inc.
215 West Elm Street, Suite 102
Sycamore, Illinois 60178