UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Vera W. George**, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No.: 2:11-cv-00266 |
| **Equitable Recovery Solutions, Inc.,** a foreign corporation, | ) |
| *Defendant*. | ) |

## BRIEF REGARDING DAMAGES AND ATTORNEY'S FEES

**COMES NOW** Plaintiff, by and through the undersigned counsel, pursuant to the Order of this Honorable Court and submits the following in support of her claim for damages and attorney's fees in the above-entitled and styled cause stating as follows:

### FAIR DEBT COLLECTION PRACTICES ACT

Pursuant to 15 U.S.C. § 1692k(a)(1), Plaintiff may recover any "actual damages" sustained as a result of the debt collector's violation of the Fair Debt Collection Practices Act. Furthermore, 15 U.S.C. § 1692k(a)(2)(A) provides that Plaintiff may recover "such additional damages" as the court may allow, but not exceeding $1,000.  For clarify, Plaintiff will address her claims for actual damages, statutory damages, costs and attorney's fees, in seriatim, in the following sections.

A.	Actual Damages:

Plaintiff acknowledges that the has sustained no out-of-pocket expenses as a result of Defendant's violations of the Act; however, she has suffered emotional distress and anguish as a

result of Defendant's telephone calls and/or correspondence regarding the alleged debt.  As stated within Plaintiff's complaint, this debt was incurred in or around the early nineties and, based upon the involvement of Plaintiff's former attorney, Plaintiff understood the matter had been resolved.  Nevertheless, Defendant contacted Plaintiff on several occasions in a harassing and threatening manner in an attempt to collect the alleged debt.  Plaintiff seeks the sum of $2,000 as actual damages to compensate her for the distress and anguish she suffered as a result of Defendant's unlawful acts.

B.    Statutory Damages:

Defendant violated the Fair Debt Collection Practices Act in at least four (4) ways as so identified within Plaintiff's Complaint.  Therefore, pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiff seeks statutory damages in the amount of $1,000 from Defendant.

C.    Attorney's Fees:

Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to an award of attorney's fees for Defendant's violations of the Act.  "The starting point in fashioning an award of attorney's fees is to multiple the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Hespen v. J.C. Christensen and Assocs., Inc., No. 10-12231, 2010 WL 3329836 (11th Cir. Aug. 25, 2010).  The product of the reasonable hourly rate and the reasonable hours expended is known as the lodestar calculation.  See Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991).  Once the lodestar is calculated, this lodestar amount may be adjusted.  Normal v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988).  However, such an adjustment is "rare" because "the lodestar method yields a fee that is presumptively sufficient to achieve this objective." Perdue v. Kenny A. Ex rel. Winn, ___ U.S. ____, 130 S.Ct. 1662, 1673 (2010).

The reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1299). Furthermore, the fee that an attorney charges fee-paying clients is "powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand'" Dillard v. City of Greensboro, 213 R.3d 1347, 1354-55 (11th Cir. 2000). The court may consider its own knowledge and experience in fashioning an award of reasonable and proper attorney's fees. Loranger, 10 F.3d at 781.

The undersigned asserts that the hourly rate of $200 is reasonable and proper based upon his experience, skills and reputation within the community for practice within the Middle District of Alabama. Assuming the hearing regarding damages in this case lasts one hour, the undersigned will have expended approximately thirteen (13) hours of time. Based thereon, Plaintiff is respectfully requesting an award of attorney's fees in the amount of $2,600 from Defendant.

"Counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity" to show entitlement for attorney's fees. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1303). In making a reasonableness determination, courts determine whether the hours spent on the litigation are excessive, redundant, or otherwise unnecessary. Hepsen, 394 Fed. Appx. at 600 (citing Normal, 836 F.2d at 1301).

Counsel expended time as so stated below in prosecuting this case:

- Initial meeting with client:                                          45 mns.

- Review of client's file: 45 mns.
- April 2, 2011 - Researching Plaintiff's claims: 45 mns.
- April 8, 2011 - Drafting and preparation of Plaintiff's Complaint: 180 mns.
- April 9, 2011 - Filing of Plaintiff's Complaint: 30 mns.
- June 20, 2011 - Drafting and filing of Application for Default: 30 mns.
- July 13, 2011 - Drafting and filing of Motion for Default Judgment: 60 mns.
- August 5, 2011 - Second meeting with client: 30 mns.
- August 10, 2011 - Drafting and filing Motion to Continue: 15 mns.
- August 23, 2011 - Drafting and filing brief on damages: 120 mns.
- August 26, 2011 - Attending hearing on damages: 60 mns

Counsel has excluded time involving phone calls and/or email correspondence with client. The aggregate amount of time expended is eleven (11) hours at a rate of $200 for a total attorney's fee request of $2,200.

## STATE TORT CAUSES OF ACTION

Plaintiff also brings claims based upon negligence, invasion of privacy, harassment, and negligent hiring against Defendant as so stated within her Complaint. As acknowledged hereinabove, Plaintiff has suffered no out-of-pocket expenses and, as such, seeks an award of actual damages based solely upon the emotional distress and anguish suffered as a result of Defendant's unlawful conduct. Plaintiff respectfully requests from this Honorable Court an award in the amount of $2,000 as actual and compensatory damages under her state tort causes of action.

Furthermore, Plaintiff seeks an award of punitive damages based upon Defendant's harassment and invasion of privacy. The purpose of punitive damages is not to compensate the

plaintiff but to punish the defendant and to deter the defendant from committing similar wrongs in the future.  See Ex parte Vulcan Materials Co., 992 So.2d 1252, 1260 (Ala. 2008).  Unless this Honorable Court enters an award of punitive damages against this Defendant, it is likely that Defendant will continue to violate the rights of other consumers who are similarly situated as Plaintiff.  Plaintiff respectfully requests that this Honorable Court award to Plaintiff the sum of $10,000 as punitive damages against Defendant for its unlawful conduct.

### COSTS

Plaintiff respectfully requests that this Honorable Court award to her the sum of $350 for the fee associated with filing this action.

### CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Honorable Court enter an award of damages, attorney's fees and costs in the amount of $17,550 in favor of Plaintiff and against Defendant.

**RESPECTFULLY SUBMITTED** this the 23rd day of August, 2011.

/s/ **Anthony B. Bush**
Anthony Brian Bush (BUS028)
Bar Id.:  ASB-7306-A54B
LEWIS, BUSH & FAULK, LLC
P.O. Box 5059 (36103)
*The Bailey Building*
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:	(334) 263-7733
Facsimile:	(334) 832-4390
Email: anthonybbush@yahoo.com
*Attorney for Plaintiff*